

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICHARD A. PAUL,

                Petitioner,

-against-

PEOPLE OF THE STATE OF NEW YORK,

                Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-3840 (FB)

*Appearances:*
*For the Petitioner:*
RICHARD A. PAUL, *pro se*
No. 186-21-436
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

**BLOCK, District Judge:**

        Petitioner, Richard A. Paul ("Paul"), proceeding *pro se*, commenced this action in August 2005 by filing a document entitled "Notice of Intent to File Petition for Writ of Habeas Pursuant to 28 U.S.C. § 2254" ("the Notice"); the Notice indicates Paul's intent to challenge an order of the New York State Supreme Court, Kings County, denying his application for a writ of error *coram nobis*. Paul previously filed a petition for a writ of *habeas corpus* in 2003; this Court dismissed the prior petition as untimely in August 2004. *See Paul v. People*, Case No. 03-CV-6508 (E.D.N.Y.) (Judgment of Aug. 12, 2004). In the Notice, Paul acknowledges that his prior petition was dismissed and states that he "has undertaken the required procedure of requesting permission form [sic] the Court of Appeals for this Circuit to submit a second petition." Notice at 2. The Notice does not indicate that the Second Circuit has issued an order authorizing this Court to consider a

second or successive *habeas* petition by Paul; rather, the Notice indicates that Paul is attempting to ensure that his second *habeas* petition will not be dismissed as untimely.

As Paul's Notice implicitly recognizes, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits a district court from considering a second or successive application for a writ of *habeas corpus* unless the petitioner has first obtained an order from the appropriate court of appeals authorizing consideration of the petition. *See* 28 U.S.C. § 2244(b)(3); *Carmona v. United States*, 390 F.3d 200, 201-02 (2d Cir. 2004) (per curiam). To the extent that the Notice can be interpreted as a *habeas* petition, this Court cannot consider it. Although second or successive habeas petitions are generally transferred to the Second Circuit in the interest of justice pursuant to *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996), there is no need to do so in this case since Paul states that he has already "undertaken the required procedure of requesting permission" from the Second Circuit to file a second or successive petition. Notice at 2.[1]

To the extent that the Notice is intended simply to notify this Court of Paul's intention to file a *habeas* petition if and when the Second Circuit grants him permission to do so, it is unnecessary and without legal significance. The timeliness of § 2254 petitions is determined in accordance with the provisions of 28 U.S.C. § 2244(d); a petitioner's intentions are irrelevant to that determination.

Accordingly, this action is dismissed. If and when the Second Circuit

---

[1] If, contrary to the Court's understanding, Paul intends the instant Notice to be construed as an application for permission to file a second or successive petition, he is advised that such application must be filed with the United States Court of Appeals, Second Circuit, 40 Foley Square, New York, New York 10007, and not with this Court.

2

authorizes Paul to file a second or successive *habeas* petition, the Court will address the timeliness of any such petition after it is filed. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
August **23**, 2005